SHORT RECORD
NO. 18-3211
FILED 10/17/2018

Case No; 01-CF-560

To; _____ Clerk _____

Clerk Office Room *2722

219 South Dearborn Street

Chicago, Ill 60604

U.S.C.A. - 7th Circuit
RECEIVED
OCT 17 2018
GINO J. AGNELLO
CLERK

Please find enclosed the following for filing:

1. " <u>Motion for Certificate of Appealability</u> " for filing.

There are three copies.


<u>Also enclosed are the following Exhibits.</u>


1. Exhibit <u>C</u> ( District Court Decision ).

2. Exhibit <u>D</u> ( Rule 60(b) Motion ).

3. Exhibit <u>E</u> ( Amended Rule 60(b) Motion ).

The above Exhibits are copies of exhibits that was filed in the District Court.


Date this __13th__ Day of October 2018.

_Bobbie Torry_

Bobbie Torry *324593
Fox Lake Correctional Institution
P.O. Box 200
Fox Lake, WI
53933


(I)

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
CHICAGO, ILLINOIS 60604

---

BOBBIE TORRY,

     PETITIONER

V.                                          CASE NO. 01-CF-560

RANDALL R. HEPP,

     RESPONDENT.

*U.S.C.A. — 7th Circuit*
*RECEIVED*
*OCT 17 2018  DL*
*GINO J. AGNELLO*
*CLERK*

---

## MOTION FOR CERTIFICATE OF APPEALABILITY

---

Now comes, the Petitioner <u>Bobbie Torry,</u> Pro/Se moves the Seventh Circuit
Court of Appeals for an **order** allowing him to file a new 2254 Writ of Habeas
Corpus raising two **new issues** such as;

### ISSUE 1.

The Petitioner Torry, Fourth-Amendment rights has been
violated under the United States Constitution Amendment
IV where, two ploice officer's entered inside Torry's
sister apartment and arrested him " without an arrest
warrant ".

### ISSUE 2.

The Wisconsin Circuit Court lacked jurisdiction from the start
Where, no arrest warrant were never filed with the criminal
complaint at all pursuant to Wisconsin statute 968.02(2).

The two above issues **was not** raised on first Writ of Habeas Corpus.
See, <u>Torry V. Grams</u> 2005 U.S. Dist.Lexis 17871.

(1)

## REASON FOR GRANTING CERTIFICATE OF APPEALABILITY

A certificate of Appealability may issue if the Applicant has made a substantial showing of a denial of a constitutional right 2253(c)(2). Therefore, the petitioner Torry, can meet this burden as follows;

1. A constitutional claim regarding to Issue 1. Where, the petitioner Torry, argues that his **illegal arrest** where, two police officer's came inside Torry's sister apartment and arrested him " without an arrest warrant " inwcich violated his 4th-Amendment rights under the United States Constitution. The U.S. Supreme Court has made it very clear and ruled multiple time ( That without a warrant a police **cannot** walk into a person home an conduct a search or to effectuate an arrest without a warrant, even where, probably cause exist. See, Donovan V. Dewey 452 U.S. 594(1981)and, Payton V. New York 445 U.S. 573 (1980) and, Minnesota V. Olsen 495 U.S. 96(1990).

Therefore, the petitioner Torry, asks the Court of Appeals to see arguments setforth on Pages 4 and 5 showing that his 4th-Amendment Constitutional rights was violated.

2. A Jursdictional claim. Regarding to Issue 2. inwhich violated the petitioner Torry 4th-Amendment and 14th-Amendment constitutional rights Where, the (state) Asst. District Attorney Robert Kaiser **never** filed the Criminal Complaint with the judge under 968.02(2) Wisconsin statute Where, **no arrest warrants** were never filed with the criminal complaint at all. See, Exhibit B (Letter from the Dane County Clerk office dated 4-2-2008 ).

The Petitioner Torry, 4th-Amendment rights has been violated because, the (state) **seized** Torry's body without an arrest warrant.

( The Wisconsin Circuit Court never had jurisdiction over Torry's body from the start Where, " no arrest warrant were never filed with the criminal complaint under Wisconsin statute 968.02(2). " A mandatory Provision.

Therefore, the petitioner Torry, aks the Court of Appeals to see argument setforth on Pages 9 and 10 showing that that Wisconsin Circuit Court lacked jurisdiction inwhich violated the petitioner 4th-Amendment rights.

(A Cerificate of Appealability may issue if the applicant has made a substantial showing of a denial of a constitutional rights 2253(c)(2). ). The petitioner must demonstrate that reasonable jurist would find the district court's or, court assessment of a constitutional claim debatable or wrong. Slack V. McDaniel 529 U.S. 473-484(2000). When the District Court denied a habeas petition on a **procedural ground** without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner showing at least that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constituional right and that jurist of reason would find it debatable whether the District court was correct in it's procedures ruling.

Therefore, the petitioner Torry can show that (1) The District Court ruling was wrong. and (2) That constitutional claims are debatable or court ruling. See, Pages 5 and 6 ( Argument showing that the Distrcit Court made and erroneously ruling and See, Pages 9 thur 12 argument showing that the denial of the petioner rights were violated.

On September 27, 2018 the District Court dismissed Torry's Motion under Rule 60(B) **without prejudice** stating " that petitioner failure to obtain the authorization required under 28 U.S.C 2244(b)(A). See, Exhibit C. Now the petitioner filed this " Motion for Certificate of Appealability "

Because, the District Court dismissed this Motion **without prejudice** . Normally a dismissal without prejudice does not qualify as an appealable final judgment because the plaintiff is free to re-file the case. Larkin V. Galloway, 266 F. 3d 718-721( 7th.Cir.2001). Therefore, since the District Court dismissed Torry's Motion under Rule 60(B) **without prejudice** and construed it as a second or successive petition for a writ of habeas corpus for failure to obtain the authorization required under 28 U.S.C 2244(b)(A). See, Exhibit C Page 2 ( District Court decision ). See, Exhibit D ( Rule 60(b) Motion ) And, See, Exhibit E Amended Rule 60(b) Motion.

The Petitioner Torry, asks this Court of Appeals to reverse the District Court decision. Or, this Court can GRANT the Petitioner Torry, " Motion for Certificate of Appealability " **OUTRIGHT**. Because, (1) He has made a substantia showing of a denial of a constitutional right 2253(c)(2). And, (2) He has shov that the claims are debatable. See, Pages 2 ( Reason for granting Certificate of Appealability ). Also, See, Pages 5 thur 10 ( Argument Section ).

The District Court made an erroneously ruling:


On August 27, 2018 the Petitioner Torry, filed an **Rule 60(b) Motion**
pursuant to Gonzalez V. Crosby 545 U.S. 528,2651(2005) Raising (two)
**new issues** such as;


### ISSUE 1.


The Petitioner Torry, Fourth-Amsndment rights has
been violated under the United States Constitution
Amendment IV where, two police officers entered inside
Torry's sister apartment and arrested him " without
an arrest warrant ".


### ISSUE 2.


The Wisconsin Circuit Court Lacked Jurisdiction.


The (two) above issues **was not** raised or assert on First writ of habeas
corpus. See, Torry V. Grams 2005 U.S. Dist.Lexis17871.

On September 24, 2018 The District Court judge Barbara B. Crabb  dismissed
Motion **without prejudice** and ruled that the Petitioner Torry, Motion under
Rule 60(b) must be construed as a second or successive petition for a writ
of habeas corpus and is dismissed without prejudice for petitioner failure
to obtain the authorization required under 28 u.s.c 2244(b)(A). See, Exhibit C
Page 2.

Therefore, the Petitioner Torry, **disagree** with the District Court decision
because, In Gonzalez V. Crosby 545 U.S. 528,2651(2005) The Supreme Court ruled
( that a Rule 60(b)(6) Motion in 2254 case is **not to be treated as a successive
habeas petition** if it does not assert, or reassert, claims for error in the
movant's state conviction a motion that, like petitioner's challenges only the
District Court failure to reach the merits does not warrant such treatment,

and **can** therefore, be ruled upon by the District Court **without**

precurtification by the Court of Appeals pursuant to 2244(b)(3) ).

Under Rule 60(b) allows, a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstance including fraud, mistake, Newly discovered and, excusable neglect. Therefore, pursuant to Rule 60(b) the petitioner Torry, brought forward **two** " New Issues " Where, the petitioner Torry **was not aware** " that there were no arrest warrants issue for his arrest " back in 2005 when he filed his 2254 habeas petiton because, the petitioner just recently discovered (two) new issues such as;

(1) That there were no arrest warrants issue for his arrest a Fourth-Amendment claim. ( a 2008 document ) Where, On 4-2-2008 the Dane County Clerk Office sent to the petitioner Torry a letter ( stating that there were " no arrest warrants filed in this case 01-cf-560 at all ). See, Exhibit B ( Letter from clerk of court's dated 4-2-2008 ).

(2) The Petitioner Torry just recently discovered a second issue " That the Asst. District Attorney Robert Kaiser, (aka) the state **never** filed the Criminal Complaint with the judge from the start under Wisconsin Statute 968.02(2) Where, **no warrants** were never filed with the Criminal Complaint at all. See, Exhibit B " This is a jurisdictional issue. "

Therefore, the District Court made an erroneously ruling. See, Exhibit C attached. ( It should be noted that; the petitioner Torry, did raised the two issues in the state court but, they refused to review theme ).

The Court of Appeals should allow the petitioner Torry two claims to proceed See, both arguments setforth on the next three pages of this motion.

1. <u>Issue Presented:</u>

Was the Petitioner Torry, Fourth-Amendment Rights violated under the United States Constitution Where, two police officer's entered inside Torry's sister apartment and arrested him " without an arrest warrant ".

<u>Argument:</u>

The Petitioner <u>Torry,</u> argues, that his Fourth-Amendment U.S. Constitutional Rights was violated where, On March 18, 2001 approximately 9:41 P.M. police officer <u>Larson</u> and deputy <u>O'neil</u> came to; 1661 Lake Point Drive address in Madison, WI and entered inside <u>Torry's</u> sister apartment 302 and arrested <u>Torry</u> " Without an Arrest Warrant ". See, Exhibit **A.** ( Police Report ) Page <u>42</u> third paragraph.

On 4-2-2008 The Dane County Clerk sent to the Petitioner <u>Torry</u> a letter ( stating; that there were **no arrest warrants** file in Case No. 01-cf-560 at all) . See, Exhibit **C** attached ( Letter from Dane County clerk dated 4-2-2008 ).

For Example, (1) **No exigent Circumstance** justified the warrantless entry into apartment because, On March 18, 2001 around 8:48 P.M. the sheriff deputy at the jail did a background check on the spot and " told <u>Torry</u> that there are **no warrants** for his arrest at all ". They release him from custody. See, Exhibit **A** ( Police Report Page <u>42</u> Paragraph <u>1</u> ).

The Petitioner <u>Torry</u> **was not** running from the police On March 18, 2001 infact he just left the police jail. And, <u>Torry,</u> was **never** charge with any Eluding on case no. 01-cf-560 at all. Based upon the above facts the police and sheriff deputy had no rights to arrest <u>Torry</u> inside the apartment " Without an Warrant " from a judge pursuant to Wisconsin Statute 968.04(1) even if the police thought

they had probable cause they **must** have exigent circumstance aswell.

IN <u>Dunaway V. New York</u> 442 U.S. 573,575,583-88 (1980) The U.S. Supreme
Court held, that to insure the validity of a warrantless arrest, the
**state** must prove probable Cause **with exigent circumstance** . In the current
case here <u>Torry,</u> the state would have a hard time trying to prove that
they had exigent circumstance aswell. From March 4, 2001 of the allege
incident thur March 18, 2001 the police **never** got an arrest warrant for
<u>Torry's</u> arrest at all. ( They had 14 days to do so ) these facts are
similar in <u>State of Wisconsin V. Laasch</u> 267 N.W. 2d 278 Where, the Wisconsin
Supreme Court said: " that the arresting officer in <u>Laasch</u> were arguably
afforded ample time to obtain a warrant, as there **was a 13 day** interval
between the defendant <u>offense</u> and <u>her arrest</u> 267 N.W. 2d 278 the Court
reversed her conviction ."

The Petitioner <u>Torry</u> was a vistor at his sister apartment when the police
officer <u>Larson</u> and deputy <u>O'Neil</u> entered inside the apartment 302 without
valid consent and arrested <u>Torry</u> " Without an Arrest Warrant ". These facts
are similar, IN <u>Minnesota V. Olsen</u> 495 U.S. 96 (1990) Where, the Minnesota
police arrested <u>Olsen</u> following warrantless, nonconsensual entry into house
where, suspect was overnight guess. The Supreme Court held, that <u>Olsen</u>
Fourth-Amendment rights were violated and reversed his conviction. In
the current case here <u>Torry</u>, The Madison police officer's <u>Larson</u> and deputy
<u>O'Neil</u> entered inside <u>Torry's</u> sister apartment 302 and arrested him " Without
an Arrest Warrant ".

The United States Supreme Court quoted; the following; In Payton V. New York 445 U.S. 573 (1980) " that a suspect should not be arrested in his house **without an arrest warrant**, even though there is probable cause to arrest him. The purpose of the decision was not to protect the person of the suspect but; to protect his home from entry in the absence of a magistrate finding probable cause ".

Therefore, the Petitioner Torry, asks this Court to GRANT this (COA) and allow him to file a new 2254 writ of habeas corpus based upon; ( Two police officer's came inside Torry's sister apartment and arrested him without an arrest warrant inwhich violated his 4th-Amendment rights under the United States Constitution ).

### 2. Issue Presented;

Did Wisconsin Circuit Court lack jursdiction from the start where, the Asst. District Attorney did not file the criminal complaint with the judge under Wisconsin statute 968.02(2) where, no warrants were never filed with the criminal complaint at all ?

### Argument:

The Wisconsin Circuit Court lack jurisdiction. Where, the (state) Asst. District Attorney failed to file the criminal complaint with the judge under Wisconsin Statute 968.02(2) Where, **no warrants** were never filed with the criminal complaint at all. Therefore, the Circuit Court lacked jurisdiction to hear the matter from the start.

( Wisconsin Statute 968.02(2) Reads as follows; after a Criminal
Complaint has been issue by the District Attorney, it shall be
filed with a judge and either **a warrant** or summons shall be
issued or the complaint shall be dismissed, pursuant to 968.03
such filing commences the action ).


For Example, In the current case here <u>Torry,</u> (1) The Asst. District
Attorney <u>Kaiser</u> **never** filed the Criminal Complaint with the judge from
the start it seems like he filed the Criminal Complaint with the Clerk
of Court's instead of filing it with the judge this is why no warrants
were never filed with the criminal complaint at all See, Wisconsin
Statute 968.02(2).


> The warrant **must** be <u>issued with the Criminal Complaint</u>
> pursuant to 968.02(2) A **mandatory· privision.** There is
> no arrest warrants file with the criminal complaint at
> all. See, Exhibit <u>B</u> attached to this motion case no;
> 01-cf-560.


Therefore, the Petitioner <u>Torry,</u> asks this Court to GRANT this (COA) and
allow him to file a new 2254 Writ of Habeas petition on the second issue
aswell based upon: The Wisconsin Circuit Court lack jurisdiction over
<u>Torry's</u> body where, no arrest warrants were never filed with the criminal
complaint under Wis. Stat. 968.02(2) ( A mandatory Provision ).

Date this ___13th___ Day of ___October___ 2018.

_____

Bobbie Torry #324593

Fox Lake Correctional Institution

P.O. BOX 200

Fox Lake, WI 53933

SUPPLEMENTARY REPORT
Officer Anthony Pucillo



INITIAL INFORMATION

On Sunday, 3/18/2001, I was working as a full-time Police Officer for the Town of Madison. I was in regulation TMPD uniform and operating a fully marked police vehicle (#10).

On the above date at approximately 8:48 p.m., Officers Stapleton, Larson and myself were advised that a BOBBIE NMI TORRY, M/B, DOB 2/10/71, had just walked away from the Dane County Public Safety Building. Further information in the call stated that TORRY had arrived there to "turn himself in" as he believed there were warrants for his arrest. We were also advised that there were no outstanding warrants entered for TORRY'S arrest and that he was released.

At this point, Officers Stapleton, Larson and myself positioned ourselves near BOBBIE TORRY'S residence at 2251 Badger Ln apt. #14 which is located in the Town of Madison, Dane County.

At approximately 9:41 p.m., Officer Larson, Dane County Sheriff'S Department Deputy Jay O'Neil (ph) responded to 1661 Lake Point Dr apt. 302 which is located in the City of Madison, Dane County, as I had known through past knowledge of this case that BOBBIE TORRY had a sister who resided there.

Officer Larson, Deputy O'Neil and myself responded to apt. 302 and knocked where we were met by a female who indicated that BOBBIE TORRY was indeed in the residence. Officer Larson and I were invited into the apartment and made contact with BOBBIE TORRY. I informed TORRY that the Town of Madison Police Department had probable cause for his arrest and placed him within handcuffs double locking them to ensure that they would not tighten. I then escorted TORRY to my police vehicle where I seated him in the right rear seat and transported him to the Town of Madison Police Department without incident.

I then escorted TORRY into the Town of Madison Police Department's Interview Room and had gotten him numerous cups of water advising him that there would be a Detective in shortly to speak with him.

End of report. Dictated by Pucillo on Monday, 3/19/2001 at approximately 6:31 a.m.

- A -



CARLO ESQUEDA
DANE COUNTY CLERK OF CIRCUIT COURT/
REGISTER IN PROBATE

Dane County Courthouse, Room 1000
215 South Hamilton Street, Madison, Wisconsin 53703-3285
PH (608)266-4311 • FAX (608)266-9286, (608)267-8859 • TDD (608)266-4625

KERRY K. WIDISH
*Chief Deputy Clerk of Court*

JOYCE K. ARMSON
*Court Manager*

PATRICIA A. BOLCH
*Court Manager*

VICKI JO GILBERTSON
*Court Manager*

WAYNE E. PFISTER, JR.
*Court Manager/*
*Deputy Register in Probate*

SUSAN PODEBRADSKY
*Guardianship Administrator*

DATE:       4/2/2008

TO:         BOBBIE TORRY

FROM:       COURT RECORDS

RE:         ARREST WARRANT


This letter is to advise you that there is no "arrest warrant" filed in case 01CF560. As the check you provided to our office as payment for the copy has already been cashed, we will be refunding you the money in the form of a check. You should be receiving this refund check in the mail shortly.


– B –

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBIE TORRY,

               Petitioner,

v.

GREG GRAMS,

               Respondent.

ORDER

09-cv-656-slc

---

On December 1, 2009, this court dismissed petitioner Bobbie Torry's petition for a writ of habeas corpus under 28 U.S.C. § 2254 after he failed to submit either the $5 filing fee or a completed application for leave to proceed *in forma pauperis*. Now, almost nine years later, he asks the court to reopen his petition or allow him to file a new one, alleging that he has discovered recently that the police officers who arrested him for the crimes for which he was ultimately convicted lacked a warrant for his arrest.

Although styled as a motion under Fed. R. Civ. P. 60(b), petitioner's motion is effectively a new habeas petition insofar as it seeks to add new claims for relief that were not presented in his initial petition. This makes it a "second or successive" habeas corpus petition that is subject to certain restrictions under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (where Rule 60(b) motion asserts a "claim" for relief from a state court judgment, court should treat it like an application for habeas relief). Under § 2244(b)(3)(A), only the court of appeals may authorize the filing of a second or successive petition. Petitioner

has not obtained an order from the Court of Appeals for the Seventh Circuit authorizing him to file his petition. Accordingly, this court must dismiss it.

ORDER

IT IS ORDERED that petitioner Bobbie Torry's motion under Rule 60(b) must be construed as a second or successive petition for a writ of habeas corpus and is DISMISSED WITHOUT PREJUDICE for petitioner's failure to obtain the authorization required under 28 U.S.C. § 2244(b)(3)(A).

Entered this 24th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

( C )
Exhibit

Case No: 01-CF-560

# Exhibit   C

a Copy of District Court Decision
that was Filed in the western District
Court of wisconsin.

Bobbie Torry #324593
Fox Lake correctional Institution
P.O. box 200
Fox Lake, WI
53933

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBIE TORRY,

          Petitioner,

    v.

GREG GRAMS,

          Respondent.

ORDER

09-cv-656-slc

---

On December 1, 2009, this court dismissed petitioner Bobbie Torry's petition for a writ of habeas corpus under 28 U.S.C. § 2254 after he failed to submit either the $5 filing fee or a completed application for leave to proceed *in forma pauperis*. Now, almost nine years later, he asks the court to reopen his petition or allow him to file a new one, alleging that he has discovered recently that the police officers who arrested him for the crimes for which he was ultimately convicted lacked a warrant for his arrest.

Although styled as a motion under Fed. R. Civ. P. 60(b), petitioner's motion is effectively a new habeas petition insofar as it seeks to add new claims for relief that were not presented in his initial petition. This makes it a "second or successive" habeas corpus petition that is subject to certain restrictions under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (where Rule 60(b) motion asserts a "claim" for relief from a state court judgment, court should treat it like an application for habeas relief). Under § 2244(b)(3)(A), only the court of appeals may authorize the filing of a second or successive petition. Petitioner

1

has not obtained an order from the Court of Appeals for the Seventh Circuit authorizing him to file his petition. Accordingly, this court must dismiss it.

## ORDER

IT IS ORDERED that petitioner Bobbie Torry's motion under Rule 60(b) must be construed as a second or successive petition for a writ of habeas corpus and is DISMISSED WITHOUT PREJUDICE for petitioner's failure to obtain the authorization required under 28 U.S.C. § 2244(b)(3)(A).

Entered this 24th day of September, 2018.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

( C )
Exhibit

Case No: 01-CF-560

# Exhibit D

a copy of Rule 60(b) motion that
was filed in the western District
Court of Wisconsin

Bobbie Torry #324593
Fox Lake Correctional Institution
P.O. box 200
Fox Lake, WI 53933

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBIE TORRY,

      PLAINTIFF.

  V.                           CASE NO. 01-CF-560

RANDALL R. HEPP,

      RESPONDENT.

---

## RULE 60(b) MOTION

---

Now comes, the petitioner <u>Bobbie Torry,</u> Pro/Se respectfully moves,
the District Court for an Order allowing the petitioner request " <u>to
reopening of his Habeas Case</u> with (two) **new issues** Under Rule 60(B)
or, allow him to file a 2254 Writ of habeas corpus under Rule 60(b).     "
See, facts insupport of this Motion below,

The Supreme Court addressed the question of whether a 60(b) Motion
would constitute a Second or Successive Petition. See, <u>Gonzalez V. Crosby</u>
545 U.S. 528,162 L.E.D 2d 480,125 S.ct 2641(2005) Rule 60(b) Motion.
After <u>Gonzalez</u> the Federal Court denied petitioner <u>Gonzalez</u> habeas corpus
relief from his state P.<u>2644.</u> After the Federal Court denied petitioner
habeas corpus relief from that judgment, pursuant to Federal Rule of
conviction, he filed a Motion for relief from that judgment, pursuant
to Federal Rule of civil procedural 60(B). " The question presented is
whether, in a Habeas Case, such Motions are subject to the additional
restriction that apply to second or successive habeas corpus petition
". P.<u>2645.</u> Rule 60(b) allows a party to seek relief from a final



Exhibit D

(1)

judgment, and request reopening of his case, under a limited set of
circumstance including fraud, mistake, and newly-discovered-evidence
. Rule P.2646 60(b)(6) the particular provision under which the petitioner
brought his motion, permits reopening when the movant shows " any reason
justifying relief from the operation of the judgment " other than the
more specific circumstance set out in rule 60(b)(1)-(5).P.2651. We
hold that a rule 60(b)(6) Motion in a 2254 case is not to be treated as
a successive habeas petition if it does not assert, or reassert, claims
for error in the movant's state conviction a motion that, like petitioner's
challenges only the District Court failure to reach the merits does not
warrant such treatment, and **can** therefore, be ruled upon by the District
Court without precertification by the Court of Appeals pursuant to 2244(b)(3).

The Petitioner Torry, (2005) Habeas Petition was inadquately raised because,
the Petitioner was without counsel and made a **mistake** and was subject to
time limition. See, Torry-V.-Grams 2005 U.S. Dist.Lexis 17871. Therefore,
pursuant to rule 60(b) Motion the petitioner will bring forward (two)
" **New Issues** ". Where, the petitioner Torry, was not aware " that there
were **no arrest warrants** issue for his arrest". back in (2005) See below,


### ISSUE-1.

The Petitioner Torry, Fourth-Amendment rights has been violated
under the United States Constitution Amendment IV.

Supporting-Facts: The petitioner just recently discovered an new issue
(1). that there were no-arrest-warrants issue for his arrest a Fourth-
Amendment claim. (a 2008 document) Where, on 4-2-2008 the Dane County
clerk sent the petitioner Torry a letter (stating that there were ' no
arrest warrant ' filed in this case 01-cf-560) See, Exhibit B (letter
from clerk of court's office dated 4-2-2008).

The State Circuit Court Lacked Jurisdiction.

<u>Supporting Facts</u>: The <u>state</u> failed to issue an " Arrest Warrant "
for the Petitioner in this case 01-cf-560 in the Circuit Court.
Therefore, the Circuit Court lacked jurisdiction to hear the
matter from the start. See, Exhibit <u>B</u> (letter from Dane County
clerk office).

### Relief:

The Petitioner <u>Torry,</u> asks this Court to grant this Rule 60(b)
Motion and allow him to reopening his Habeas Case raising (two)
**new issues** or, allow him to file a 2254 Writ of Habeas Petition
with two new issues such as; (1) The Petitioner 4th Amendment
Rights has been violated Under the United States Amendment IV.
and (2). Issue, " The state Circuit Court lacked jursdiction
to hear the matter where, the state failed to issue an 'arrest
warrant' for the petitioner arrest.

Date this 23rd Day of August 2018.

Bobbie Torry

Bobbie Torry #324593

Fox Lake Correctional Institution

P.O. Box 200

Fox Lake, WI 53933

(3)

Case No: 01-CF-560

# Exhibit E

a copy of Amended Rule 60(b) motion that was Filed in the western District Court of Wisconsin.

Bobbie Torry

Bobbie Torry # 324593
Fox Lake Correctional INstitution
p.o. box 200
Fox Lake, WI  53933

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBIE TORRY,

      PLAINTIFF.

  V.

                                    Case No. 01-CF-560

RANDALL R. HEPP,

          RESPONDENT.

---

## AMENDED RULE 60(b) MOTION

---

The Petitioner Torry, filed this current Amended Rule 60(b) Motion to add additional facts to support his issues. Therefore, Now comes, the Petitioner Bobbie Torry, Pro/Se respectfully moves, the Western District Court for a Ordering allowing him " to reopening of his Habeas Case with (two) **new issues** Under Rule 60(b)(6) or, allow him to file a 2254 Writ of Habeas Corpus under Rule 60(b) See, facts insupport of this current Motion below;

The Supreme Court addressed the question of whether a 60(b) Motion would constitute a Second or Successive Petition. See, Gonzalez-V. Crosby 545 U.S. 528,162 L.E.D 2d 480,125 S.C.t 2641(2005) Rule 60(b) Moton. After the Federal Court denied petitioner Gonzalez habeas corpus relief from his state P. 2644,. After the Federal Court denied petitioner habeas corpus relief from that judgment, pursuant to Federal Rule of conviction, he filed a Motion for relief from that judgment, pursuant to Federal rule of civil procedural 60(b). " The question presented is whether, in a Habeas Case, such Motion are subject to the additional restriction that apply to second or successive habeas corpus petition " P. 2645. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his

case, under a limited set of circumstance including fraud, Mistake,
and newly discovered evidence. P.2646 60(b)(6) the particular provision
under which the petitioner brought his motion, permits reopening when the
movant shows " any reason justifying relief from the operation of the
judgment " other than the more specific circumstance set out in rule
60(b)(1)-(5). P. 2651. We ( Hold that a rule 60(b)(6) Motion in a 2254 case
is not to be treated as a successive habeas petition if it does not assert,
or reassert, claims for error in the movant's state conviction a motion
that, like petitioner's challenges only the District Court failure to reach
the merits does not warrant such treatment, and can therefore, be ruled upon
by the District Court without precertification by the Court of Appeals pursuant
to 2244(b)(3). ).

The Petitioner Torry (2005) Habeas Petition was inadequately raised because,
the Petitioner was without counsel and made a mistake and was subject to time
limition. See, Torry V. Grams 2005 U.S. Dist. lexis 17871. Therefore, pursuant
to rule 60(b) Motion the petitioner will bring forward (two) " New Isses ".
Where, the petitioner Torry was not aware " that there were no arrest warrants
for his arrest " back in (2005) when he filed his first 2254 petition see below,

### ISSUE 1.

The Petitioner Torry, Fourth-Amendment rights has been
violated under the United States Constitution Amendment
IV. Where, two police officers entered inside Torry's
apartment and arrested him " without an arrest warrant ".

Supporting Facts: Approximately 9:41 P.M. Officer Larson and Deputy O'neil
came to: 1661 Lake Point drive address in Madison, WI and entered inside
Torry's sister apartment #302 and arrested Torry " Without an Arrest Warrant ".
See, Exhibit B (Letter dated 4-2-2003 from Dane County Clerk of Court's office
stating; that there were " no arrest Warrant " filed in this case 01-cf-560).
This Exhibit B IS already attached to the orginial Rule 60(b) Motion.

(2)

The Petitioner just recently discovered an new issue. (1) that there

no arrest warrants issue for his arrest a Fourth-Amendment claim. (a 2008

document ) Where, on 4-2-2008 the Dane County clerk sent the petitioner

Torry a letter (stating that there were ' no arrest Warrant ' filed in

this case 01-cf-560 ). See, Exhibit B (letter from clerk of Court office

dated 4-2-2008 ) This Exhibit B is located inside the orginigal Rule 60(b)

Motion.

## ISSUE 2!'

The State Circuit Court Lacked Jurisdiction.

Supporting Facts: The state failed to issue an " Arrest Warrant "

for the petitioner in this case 01-cf-560 in the Circuit Court.

Therefore, the Asst. District Attorney Robert Kaiser, took the

law into his own hands and did not file the Criminal Complaint

with the judge under Wisconsin statute 968.02(2) Where, (1) No

warrants were never filed with the criminal complaint at all.

and, (2) No warrant's never issue for Torry"s arrest at all.

See, Exhibit B Already attached to the orginial Rule 60(b) Motion.

Therefore, the Circuit Court lacked jurisdiction to hear the matter

from the start.

## Relief:

The Petitioner Torry, asks this Court to grant this Rule 60(b) Motion

and allow him to reopening his Habeas Case raising (two) New Issues or,

allow him to file a 2254 Writ of Habeas Petition with these two new

issues or, Grant this Motion an release the petitioner based upon

the two new issues presented such as (1) The Petitioner 4th Amendment

Rights has been violated under the United States Amendment IV And.,

(2) Issue, " The state Circuit Court lacked jurisidiction to hear the matter Where, the state failed to file the criminal complaint with the judge under 968.02 (2) NO WARRANTS were never file for Torry's arrest at all. The Court should grant relief to the Petitioner Torry.

Date this ___5th___ Day of ___September___ 2018.

_____

Bobbie Torry #324593

Fox Lake Correctional Institution

P.O. Box 200

Fox Lake, WI 53933

(4)